## G., C. & S. F. R'y Co. v. Cole & Townsend.

### (No. 6422.)

APPEAL from Brown County.　Opinion by WILLSON, J.

J. W. TERRY, counsel for appellant.

No counsel appeared for appellee.

§ 97. *Common carriers; delay in transportation of live stock; special damages; allegation of in petition held insufficient.* Appellees sued to recover of appellant damages to cattle shipped by them over appellant's line of railway from Talpa, Tex., to Little Rock, Ark. They recovered judgment for $222.75 damages. Appellant's first assignment of error is: "The court erred in overruling the defendant's general demurrer to plaintiffs' original petition, because it was not alleged in said petition that defendant was informed that the cattle were being shipped to fill a contract, or that it was important to have said cattle at Little Rock at any given time, and without such allegation defendant would not be liable for the character of damages claimed, viz., difference between the price the cattle brought and the contract price." The petition alleges that "defendant, by reason of unnecessary negligence and delay in the transportation of said stock while on defendant's own line, injured and damaged the same, and brought them to such a condition that plaintiffs, after making every reasonable endeavor, could not obtain the price for which said cattle had been contracted, and had to dispose of the

same at an average loss of $6 per head. That plaintiffs had ·contracted to sell said stock at Little Rock, Ark., for a certain sum of money per head, and by reason of the impoverished, drawn and emaciated and damaged condition of said cattle, caused by the aforesaid unnecessary delay and negligence of defendant in transporting said cattle to Little Rock, Ark., the party to whom said cattle were contracted refused to receive the same; and that the plaintiffs, after using every effort and all diligence, which plaintiffs aver they did, could not sell the same for more than a sum of money $6 less per head than aforesaid contract price." As we construe the petition, the damages claimed therein are the difference between the price at which appellees had contracted to deliver the cattle in Little Rock and the less price which they were forced to accept for them in consequence of the injury complained of. It is clear that under the allegations of the petition appellees were not entitled to recover such damages, because no facts which would authorize the award of special actual damages were alleged in the petition. [2 Civil Cas. Ct. App., §§ 404, 405, 631, 632; 3 Civil Cas. Ct. App., §§ 1, 2.] We must hold, therefore, that the petition shows no cause of action for the damages therein claimed, and, no other damages being alleged, except $15, the cost of an extra feed of the cattle, no other could be proved. [Id., §§ 314, 633.] As to the damage claimed for the extra feed of the cattle, the amount was not within the jurisdiction of the court, and .cannot therefore sustain the action. [3 Civil Cas. Ct. App., §§ 3, 248.] As our views above stated dispose of the case, if not finally, at least upon this appeal, we will not pass upon other questions presented in the record, and in the brief of appellant's counsel. Because the court erred in overruling appellant's exceptions to appellees' petition the judgment is reversed and the cause remanded.

April 26, 1890.                 Reversed and remanded.